Van Brunt, P. J.
The difficulty with the plaintiff’s case in reference to his offer of testimony seems to be that in none of the negotiations connected with the purchase of the goods from the plaintiffs were any false representations resorted to_ by the defendant Wilson in order to obtain credit. It is urged that in the letter of the twenty-eighth of December the defendant, Wilson, made a false representation by stating that the order previously given on December twenty-third was wanted for special order whereas these goods or most of them, were found in his possession in April when the replevin writ was served. It is to be noticed in considering this testimony that the defendant was not an applicant for the purchase of goods but requested that they might be sent him for sale on consignment, and that as far as the goods mentioned in the order of December twenty-third are concerned, the plaintiffs offered to sell them before they had received the letter of December twenty-eighth. By their letter of December twenty-seventh, the plaintiffs say “We did not expect to consign. We are willing to sell combs at our lowest prices, and if you approve of the above, please send for what you require at once.” The defendant Wilson, made no representation as to his condition and there is no evidence of any fraudulent concealment.
The mere fact that he made an assignment in April with assets sufficient to pay seventy-five per 'cent of his liabilities does not raise by implication a fraudulent design in the purchase of the goods in question. There being no representation or material concealment of facts by the defendant Wilson in order to procure the credit in question, the evidence as to what representations he made to other persons in order to obtain credit was entirely immaterial. Indeed there is no evidence that any of the representations made to other parties were made for the purpose of obtain *441 ing credit; because it appears from the evidence that, at least in respect to one of the representations the defendant expressly states that the statement is not made with a, view to induce an extension of the hue of credit, but is simply made at the creditors request. The mere fact that the defendant Wilson was insolvent did not impose upon him the duty to disclose his condition unless his insolvency was of such a character as plainly showed that he would be unable to pay for the goods in question when they became due. The evidence disclosed no such condition of affairs, and as fraud is not to be presumed, but proved, and the continuance of his business being as consistent with good faith on the part of the defendant Wilson as with a fraudulent intent no fraudulent intent can be imputed against him. Under these rules the evidence as to representations made in January 1885, in regard to his condition was entirely inadmissible, not being evidence of cotemporaneous frauds which might point the intent with which any fraudulent action connected with this transaction may have been committed. The claim that because some of the representations made by the defendant Wilson, to some of his creditors were communicated to the plaintiffs and that they acted upon the faith of those representations, does not alter the plaintiffs case, as Wilson had no notice of any such communications and do not make such representations with the intention that they should be communicated.
The case therefore seems to fail entirely of proof which would justify the jury in finding that the defendant had been guilty of fraud such as would authorize the plaintiffs to disaffirm the sale and recover back their goods.
The judgment appealed from should therefore be affirmed, with costs.
Daniels and Beady, JJ., concur.